# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW JERSEY,

### MAY TERM, 1864.

---

SAMUEL SNOVER *vs.* DELILAH SNOVER.

Petition to be relieved from contributing to the maintenance of an infant child, on the ground of the father's pecuniary inability to pay the allowance decreed by the court, and that the child should live with the father and contribute to his support, denied ; his pecuniary inability not being satisfactorily shown, and the character of his house being such as to render it improper that she should live there.

---

*Mr. B. Williamson,* for petitioner.

*Mr. Sherrerd,* for defendant, contra.

THE CHANCELLOR.  When this case was before the court at February Term, 1861, (2 *Beasley* 261), the petitioner asked to be relieved from contributing to the maintenance of his child, upon a variety of grounds, most of which were entirely unsupported by evidence.  It was further urged that the physical infirmities and advanced age of the petitioner disqualified him from active labor, that he was otherwise not of pecuniary ability to support himself and his

VOL. II.                              H

daughter, and that in justice to the petitioner as well as to his other children, she should either reside with the father and contribute to his support, or that the father should be relieved from all contribution to her maintenance. An intimation was then made that the petitioner would be heard upon this ground, after the child had attained the age .of eighteen years. The application is now renewed, and further testimony in its support has been taken. Upon a careful review of the whole evidence, I feel constrained to deny the application.

It is not satisfactorily shown that the petitioner is not of sufficient pecuniary ability to support himself and make this contribution to the maintenance of his child. The physical disabilities to which he is subject, all existed at the time of making the original order. The allowance for the child's support was probably graduated in some measure by a regard to the physical, as well as the pecuniary condition of the father. It is very small in amount, and obviously inadequate to the maintenance of the child.

The allegations of the answer in this case, as well as the circumstances under which the divorce was granted, show clearly that the father's house is not, and cannot be, a proper home for the daughter, whether the father is now living in lawful wedlock, or in illicit intercourse with another woman than the mother of the child.

None of the petitioner's numerous family of children by the wife who obtained the divorce, and who now resists this application, reside with the father, or make his house their home. They are settled in life, or are supporting themselves. The only proper home for the daughter is with her mother.

Nor is there any mode in which the court, independent of the security already given, can compel the petitioner, being a resident of another state, to maintain his child or contribute to her support, in case of his failure or neglect to do so. There is no propriety in imposing that burden entirely upon the mother, in case of the sickness of the child or her inability to support herself,

It is a circumstance entitled to consideration, that the great increase of the necessary cost of living has rendered the allowance to the mother intrinsically of less value than it was at the date of the order for alimony. If this petition should be granted, it will naturally be followed by a counter application from the mother for an increase of allowance on her own account. It is right in every aspect of the case, that the order should remain undisturbed.

The order restraining proceedings at law for the recovery of the amount heretofore decreed to be paid to the respondent, must be set aside. The arrears should be paid, with interest from the time the instalments severally became due.

The petition is denied, without costs.